## Josiah Dow & al. vs. Arthur Plummer.

If one who has the title and right of entry into lands, m̄ an actual entry upon the tenant in possession, who resists the entry, and p̄ 'sts in the occupation ; this is a disseizin at the election of the owner, upon which a writ of entry may be maintained, although the tenant may show on the trial that he held by lease under one without title.

This was a writ of entry, demanding a small tract of land in *Portland*. The defendant pleaded the general issue, and by brief statement, alleged that he was not tenant of the freehold. The plaintiffs proved their title by deed from *James Neal*, dated *Feb*. 2, 1827. *Neal Dow*, called by the plaintiff, testified, that a shop was built last season covering the premises; that he spoke to the defendant and asked him if he did not know that his father had the title, and asked him from whom he got his title; that the defendant said from *Mr. Brewer*; that witness told him, *Mr. Brewer* had no title ; and that the defendant said that he was able to de-

fend it, or words to that effect. *Thatcher York*, called by the plaintiff, testified that while he was at work on the shop for the defendant, *Josiah Dow*, one of the plaintiffs came there and asked the defendant by whose authority he was building there; that the defendant said, by *Mr. Brewer's*; that *Dow* said *Brewer* had no authority to put a building there, and said that he and *Owen*, the other plaintiff, owned the land; and forbid the defendant from going any further; that he did not hear the defendant's answer; and that after *Dow* turned away, the defendant told the workmen to go on with the building. The defendant introduced, at the trial, a lease from *Brewer*, leasing the premises for three years, and authorizing him to build a store on the same. From the testimony introduced by the defendant, it appeared that he did build the store. The counsel for the defendant contended, at the trial before SHEPLEY J. that upon this testimony the action could not be maintained, as the defendant did not claim any other title than under the lease. The jury were instructed, that if they believed the testimony, the plaintiffs were entitled to recover.

By request of counsel, two questions were put to the jury, which they were requested to answer. 1. Whether the defendant claimed any title to the land other than what he derived from the lease. To this the answer was, No. 2. Whether he made known, when inquired of as to his title, in what manner he claimed title under *Brewer*. The answer to this also was, No. The verdict for the plaintiffs was to be set aside, if the instructions were erroneous.

*Haines* argued for the defendant, contending, that the instructions were erroneous, and citing *Stearns on Real Actions*, 202; *Dewey* v. *Brown*, 5 *Pick.* 238; *Otis* v. *Warren*, 14 *Mass. R.* 239; *Ware* v. *Wadleigh*, 7 *Greenl.* 74.

*W. P. Fessenden*, for the plaintiff, cited 1 *Roll.* 659, *L.* 15; *Com. Dig. Disseizin, F.* 1; *Prop. No.* 6 v. *McFarland*, 12 *Mass. R.* 327; *Brigham* v. *Welch*, 6 *Greenl.* 378; *Stearns*, 7; *Ricard* v. *Williams*, 7 *Wheat.* 59.

*Preble* replied for the defendant.

The opinion of the Court was by

WESTON C. J.—The evidence adduced at the trial, proves the title in the demandants. It does not appear, that *Brewer* had any color of title. His lease to the tenant, could give him none whatever. The demandant, *Dow*, entered upon his own land, and required the tenant to desist from incumbering it, with his building. This was a requirement which the tenant could not lawfully resist. He did so at his peril. It has been proved, that he had no right. Persisting, as it appears he did, in the occupation of the land, was a wrong to the demandants, which he has not justified.

This was at their election, a disseizin. It was not for the tenant under the facts, to qualify his own wrong; to set the true owners at defiance, and to keep them out of possession, without rendering himself liable to this action. Upon this resistance, they had a right to treat him as a disseizor. The case of the *Proprietors of No. 6 v. McFarland*, 12 *Mass. R.* 325, is an authority directly in point for the demandants.

*Judgment on the verdict.*